OPINION *Page 2 
{¶ 1} On June 2, 2000, the Stark County Grand Jury indicted appellant, Paul Edward Bunting, on one count of rape in violation of R.C. 2907.02
and six counts of sexual battery in violation of R.C. 2907.03. Said charges arose from incidents involving appellant's stepdaughter.
 {¶ 2} On June 27, 2000, appellant filed a motion to suppress. By judgment entry filed July 24, 2000, the trial court granted in part and denied in part said motion.
 {¶ 3} On August 4, 2000, appellant pled no contest to the charges. By judgment entry filed August 9, 2000, the trial court found appellant guilty and sentenced him to a total aggregate term of eighteen years in prison.
 {¶ 4} Appellant appealed, challenging the trial court's decision on the suppression motion. This court affirmed appellant's conviction and sentence. State v. Bunting (May 29, 2001), Stark App. No. 2000CA00286.
 {¶ 5} On August 27, 2001, appellant filed an application to reopen his appeal, claiming his appellate counsel was deficient. This court granted the application, reopened appellant's case, and denied appellant's claims. State v. Bunting, Stark App. No. 2000CA00286, 2002-Ohio-3594. Thereafter, appellant filed numerous motions, including a motion to reconsider, an application to adduce newly discovered evidence, petitions for postconviction relief, a motion for appointment of counsel and a motion to dismiss. All these motions were denied by either the trial court or this court.
 {¶ 6} On September 29, 2006, appellant filed another petition for postconviction relief, claiming he was entitled to resentencing pursuant to U.S. v. Booker (2005), 543 U.S. 220, Blakely v. Washington (2004),542 U.S. 296, and State v. Foster, *Page 3 109 Ohio St.3d 1, 2006-Ohio-856. By judgment entry filed October 5, 2006, the trial court denied the petition.
 {¶ 7} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 8} "PCR COURT JUDGE HAAS PERSONALLY ERRED BY PREJUDICIALLY ABUSING THE COURT'S DISCRETION IN OVERRULING DUE PROCESS TO ORDER THE CLERK TO TRANSMIT THE RECORD OF THE 8-4-00 SENTENCING TRANSCRIPT ON PCR SO TO PERFORM AN ADEQUATE AND FULL COMPLETE COMPETENT REVIEW ON THE CONSTITUTIONAL CLAIMS SUBMITTED IN THE PETITION R.C. § 2953.23 FOR RESENTENCING DEFENDANT BUNTING."
 II {¶ 9} "THE PCR COURT JUDGE PREJUDICIALLY ERRED BY ERRONEOUSLY DENYING FEDERAL CONSTITUTIONAL RELIEF TO CONDUCT RESENTENCING ANEW REQUIRED BY THE STATE'S STATUTORY VIOLATIONS CONVEYED BY BOTH SUPERIOR COURTS AS THE SENTENCING IMPOSITIONS WERE FOUND TO BE UNCONSTITUTIONAL."
 III {¶ 10} "PCR COURT JUDICIALLY FAILED BY NOT ORDERING TO CONDUCT AT THE VERY LEAST AN EVIDENTIARY HEARING OF THE MERITS IN LIGHT OF THE UNOPPOSED IRREFRAGABLE REBUTTAL WHICH CLEARLY ENTITLES PETITIONER BUNTING TO FULL RELIEF ON THE MERITS." *Page 4 
 IV {¶ 11} "PCR TRIAL COURT JUDICIALLY ERRED TO THE PREJUDICE OF DUE PROCESS AND APPEAL IN FAILING TO ISSUE THE FINDINGS OF FACT AND CONCLUSIONS OF LAW PURSUANT TO R.C. 2953.21(G) UPON THE INVOCATION OF JURISDICTIONAL SUBJECT-MATTER TIMELY FILED UNDER SECTION 2953.2[3] OF THE O.R.C. THAT STATUTORILY REQUIRES APPELLANT TO THE ENTITLEMENT OF THE COURT'S FACTUAL REASONS TO THE OVERRULED PCR PETITION ON APPELLATE REVIEW."
 V {¶ 12} "THE PCR TRIAL-SENTENCING COURT FAILED TO CONSIDER WHETHER R.C. § 2929.13(F) IS IN VIOLATION OF THE BLAKELY SIXTH AMENDMENT JURY FINDINGS OF THE FACTS TO ENHANCE MANDATORY TERMS UPON NON-PREDATOR SPECS FOR THE DETERMINATION OF THE STAUTE BEING UNCONSTITUTIONALLY VIOLATED UNDER THE SIXTH AMENDMENT RIGHT WITHOUT THE FINDINGS OF THE R.C. § 2950.09(B)(2)(A-J) MANDATED PREDATOR CLASSIFICATION HEARING REQUIREMENTS."
 I, II, II, IV, V {¶ 13} Appellant claims he is entitled to resentencing pursuant toU.S. v. Booker (2005), 543 U.S. 220, Blakely v. Washington (2004),542 U.S. 296, and State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. We disagree.
 {¶ 14} Appellant challenged his sentence on appeal and this court upheld his sentence. See, State v. Bunting, Stark App. No. 2000CA00286, 2002-Ohio-3594. Appellant now challenges his sentence pursuant toFoster via the trial court's denial of *Page 5 
his petition for postconviction relief. Because the case sub judice is an appeal from a petition for postconviction relief, it is not subject to the resentencing remand of Foster:
 {¶ 15} "As the Supreme Court mandated in Booker, we must apply this holding to all cases on direct review. Booker, 543 U.S. at 268,125 S.Ct. 738, 160 L.Ed.2d 621, quoting Griffith v. Kentucky,479 U.S. at 328, 107 S.Ct. 708, 93 L.Ed.2d 649. ('A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases * * *pending on direct review or not yet final')." Foster, at ¶ 106.
 {¶ 16} Upon review, we find the trial court did not err in denying appellant's petition for postconviction relief.
 {¶ 17} Assignments of Error I, II, III, IV and V are denied.
 {¶ 18} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 Farmer, P.J. Wise, J. and Edwards, J. concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1